IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA; WESTMORELAND )<br>COUNTY, *Employer*; ADA LAWRENCE )<br>KOENIG, *ESQ. W.C.*; ROBERT LIOTTA, )<br>*ESQ. W.C.*; CHRIS HAIDZE, *ESQ. W.C.*; )<br>JACK McLAIN, *Sherrif, W.C.*; NEW )<br>KENSINGTON; PA., *Employer, W.C.*; )<br>NEW KENSINGTON POLICE )<br>DEPARTMENT, *W.C.*; DET. DENNIS )<br>MARSIL, *NKPD, W.C.*; JONATHAN )<br>WHITE, *Barowner (Envy)*; ENVY BAR, )<br>*All Defendants Sued; individually and* )<br>*Professionally Capacities*, )<br>      Defendants. ) | Civil Action No. 13-960<br>Magistrate Judge Maureen P. Kelly |

## **ORDER**

  Thomas R. Galloway, Jr. has filed a Motion for Leave to Proceed In Forma Pauperis (the "Motion"). ECF No. 1. A ruling on the Motion will be deferred pending Mr. Galloway's compliance with this Order. Accompanying the Motion was a filing entitled "a Hybrid, Habeas Corpus/Section 1983 suit" that purports to be both a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, whereby he seeks to challenge the validity of his conviction, and a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, whereby he seeks to sue a number of individuals connected to his arrest and conviction.

  Mr. Galloway is not permitted to combine into one civil action both a habeas petition and a civil rights complaint. See, e.g., Burnam v. Marberry, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (where a prisoner filed an action seeking relief under the Privacy Act and under the

Administrative Procedures Act but also repeatedly mentioned 28 U.S.C. § 2241 throughout the filing, and the District Court construed the filing as a Section 2241 petition but also entertained the non-habeas APA claims, the Court of Appeals criticized the District Court for doing so and declared that the District Court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case. A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations, or in the alternative to have still construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence."); Forrest v. Sauers, No. 3:CV-13-0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action.").

Given that a litigant, "even one who proceeds pro se, is master of his petition[,]" French v. Pepe, NO. CIV.A. 94-11482, 1995 WL 170088, at *3 (D. Mass. March 30, 1995), we will permit Petitioner to make the choice of how he wants to proceed in this action. Attached to this order is a form (the "Election Form") electing to proceed with this action either as a habeas petition or as a civil rights action. Mr. Galloway is hereby ORDERED to complete the attached form and file both the Election Form and either an amended complaint or amended habeas petition (as he chooses) in this case no later than July 31, 2013, using the enclosed forms which are standard forms that this District utilizes in accordance with the Local Rules. See L CvR 10.A; L CvR 2254.B.2.[1] Failure to file the enclosed Election Form and the Amended Complaint

---
[1] The Local Rules are available at

or Amended Section 2254 Habeas Petition by July 31, 2013 will result in the case being dismissed for failure to prosecute. Nothing in this Order precludes Mr. Galloway from filing a separate new case that contains only those claims (either civil rights or habeas claims) which he sought to bring herein but which will be deleted in the amended filing in accordance with the requirements of the law and this Order.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*s/Maureen P. Kelly*
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated: July 16, 2013

cc: Thomas R. Galloway, Jr.
JY-8603
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601

http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf.