IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-960 |
| | ) | |
| | ) | |
| COMMONWEALTH OF | ) | Judge Nora Barry Fischer/ |
| PENNSYLVANIA; WESTMORELAND | ) | Magistrate Judge Maureen P. Kelly |
| COUNTY, *Employer*; ADA LAWRENCE | ) | |
| KOENIG, *ESQ. W.C.*; ROBERT LIOTTA, | ) | |
| *ESQ. W.C.*; CHRIS HAIDZE, *ESQ. W.C.*; | ) | |
| JACK McLAIN, *Sherrif, W.C.*; NEW | ) | |
| KENSINGTON; PA., *Employer, W.C.*; | ) | |
| NEW KENSINGTON POLICE | ) | |
| DEPARTMENT, *W.C.*; DET. DENNIS | ) | |
| MARSIL, *NKPD, W.C.*; JONATHAN | ) | |
| WHITE, *Barowner (Envy)*; ENVY BAR, | ) | |
| *All Defendants Sued; individually and* | ) | Re: ECF No. 8 |
| *Professionally Capacities*, | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 8, be denied and that Plaintiff be required to pay the entire filing fee by a date certain and that if he fails to do so, the case will be dismissed for failure to prosecute.

## II. REPORT

### A. Procedural History

On July 8, 2013, Thomas R. Galloway, Jr. ("Plaintiff") filed a deficient Motion to Proceed In Forma Pauperis ("IFP Motion"). ECF No. 1. Accompanying that IFP Motion was a proposed filing that purported to constitute both a civil rights complaint and a petition for writ of habeas corpus, which Plaintiff captioned as a "Hybrid, Habeas Corpus/Section 1983 suit." ECF No. 1-1 at 1. The Court issued an Order, ECF No. 2, explaining to Plaintiff that he could not file such a hybrid action and that he had to choose whether to proceed with the action as a civil rights complaint or as a petition for writ of habeas corpus. In that same Order, the Court directed Plaintiff to file an amended complaint or habeas petition utilizing the pre-printed forms provided by the Clerk's Office for pro se prisoner suits, which were enclosed along with the Order. In response to the Order, Plaintiff filed an election form indicating his decision to proceed with this action as a civil rights complaint. ECF No. 3. Plaintiff then filed an amended complaint (the "Amended Complaint"). ECF No. 5. On August 13, 2013, this Court ordered Plaintiff to file an Amended IFP Motion to cure the deficiencies in the original IFP Motion. ECF No. 7. Plaintiff then filed an Amended IFP Motion, which purported to cure the deficiencies in the original IFP Motion. ECF No. 8. The Amended IFP Motion is now ripe for consideration.

It is noted that Plaintiff also filed two letter motions, seeking to be returned to a state correctional institution from the Westmoreland County Prison. ECF Nos. 6 and 10. Because Plaintiff may not proceed IFP, any ruling on the letter motions seeking return to a state prison will be deferred until such time as Plaintiff pays the requisite filing fee.

## B. Discussion

At the time of the initiation of this action, Plaintiff was a prisoner, incarcerated at the Westmoreland County Prison. Plaintiff was convicted in the Court of Common Pleas of Westmoreland County of Possession of Firearms Prohibited, 18 Pa. C.S.A. § 6105 §A1 and was sentenced to serve 5 to 10 years. The conviction arose out of a double shooting in a bar in 2010, where Plaintiff was shot and where Plaintiff, apparently, shot another person. Plaintiff has filed an Amended Complaint, in which he alleges that his Constitutional rights were violated by numerous Defendants in connection with his arrest, prosecution and conviction.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Thomas R. Galloway, Jr. v. Trib Total Media, No. 3:11-cv-271 (W.D. Pa., ECF No. 2 (Report recommending dismissal of case for lack of jurisdiction and for failure to state a claim without prejudice to proceeding on any state law claim in state court and noting that the dismissal will count as a strike), and ECF No. 3 (Memorandum Order adopting Report and Recommendation));[3] 2) Thomas R. Galloway v. Westmoreland County, No. 2:11-cv-18 (W.D. Pa., ECF No. 6 (Report recommending dismissal of case for failure to state a claim), and ECF No. 8 (Memorandum Order adopting Report and Recommendation));  and 3) Thomas R. Galloway, Jr. v. Westmoreland County Court, No. 2:11-cv-691 (W.D. Pa., ECF No. 9 (Report recommending dismissal of case for failure to state a claim), and ECF No. 13 (Memorandum Order adopting Report and Recommendation)).  In fact, Plaintiff has more than three strikes.  See also  Thomas R. Galloway, Jr. v. Chris Haidze, No. 3:12-cv-39 (W.D. Pa.,  ECF No. 2 (Memorandum Order dismissing federal law claims for failure to state a claim and declining to exercise supplemental jurisdiction over any state law claims). Accordingly, because Plaintiff has at least three strikes, he may not proceed IFP.  Furthermore, it is noted that Plaintiff has not made any allegations in the Amended Complaint that would

---

[2]  The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[3]  The dismissal by a United States District Court of all federal law claims for failure to state a claim and the refusal to exercise supplemental jurisdiction over any putative state law claims counts as a "strike" under 28 U.S.C. § 1915(g).  See, e.g., Marlow v. Doe,  No. CIV–10–0662, 2010 WL 3942837 (W.D.Okla. Oct. 7, 2010).

warrant the grant of IFP even in those cases of prisoners who have three strikes. Brown v. Olivious, 453 F. App'x 752 (9th Cir. 2011).

In the Amended Complaint, Plaintiff alleges claims against the officer who investigated Plaintiff's shooting of another in 2010, and also alleges that prosecutors and defense attorneys in Plaintiff's criminal proceedings, leading to his conviction, engaged in unconstitutional behavior. The Amended Complaint fails to allege any danger of physical injury, yet alone, that the danger of physical injury is imminent.

Because Plaintiff has failed to allege anything that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the civil action for failure to prosecute.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                              Respectfully submitted,

                              /s/Maureen P. Kelly
                              MAUREEN P. KELLY
                              U.S. MAGISTRATE JUDGE

Date: September 5, 2013

cc: The Honorable Nora Barry Fischer
United States District Judge


Thomas R. Galloway, Jr.
JY-8603
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601