IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-960 |
| | ) | |
| | ) | |
| COMMONWEALTH OF | ) | Judge Nora Barry Fischer/ |
| PENNSYLVANIA; WESTMORELAND | ) | Magistrate Judge Maureen P. Kelly |
| COUNTY, *Employer*; ADA LAWRENCE | ) | |
| KOENIG, *ESQ. W.C.*; ROBERT LIOTTA, | ) | |
| *ESQ. W.C.*; CHRIS HAIDZE, *ESQ. W.C.*; | ) | |
| JACK McLAIN, *Sherrif, W.C.*; NEW | ) | |
| KENSINGTON; PA., *Employer, W.C.*; | ) | |
| NEW KENSINGTON POLICE | ) | |
| DEPARTMENT, *W.C.*; DET. DENNIS | ) | |
| MARSIL, *NKPD, W.C.*; JONATHAN | ) | |
| WHITE, *Barowner (Envy)*; ENVY BAR, | ) | |
| *All Defendants Sued; individually and* | ) | Re: ECF No. 12 |
| *Professionally Capacities*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on July 8, 2013, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Docket No. 11), filed on September 5, 2013 recommended that Plaintiff's IFP application be denied because he has three strikes and that he be made to pay the filing by a date certain and further, if he fails to do so, his complaint should be dismissed for failure to prosecute. Service was made on the Plaintiff at his

address of record. Plaintiff was given until September 23, 2013 to file objections. Plaintiff filed his objections on September 12, 2013. Only two of those objections are responsive to the Report.

In the first responsive Objection, Plaintiff complains that he did not know about the three strikes rule and, furthermore, that he is only now paying for one prior civil case not three, so if he is being charged for only one prior case, how could he have accumulated three strikes. (Docket No. 12 at 1, ¶ 2). As to his knowledge of the three strikes law, "ignorance of the law is no excuse; therefore, a pro se plaintiff is presumed to know the applicable law." *O'Neal v. County of San Francisco*, No. C 08–4669, 2012 WL 1166164, at *4 (N.D.Cal., March 30, 2012). As for Plaintiff not being charged for three cases, it is quite irrelevant that he is not being charged for those prior cases, what counts is whether they qualify as strikes and they most certainly do qualify as strikes. Moreover, while it is true that Plaintiff is not paying for two of his prior strikes, namely, 1) *Thomas R. Galloway, Jr. v. Trib Total Media*, No. 3:11-cv-271 (W.D. Pa.) and *Thomas R. Galloway, Jr. v. Chris Haidze*, No. 3:12-cv-39 (W.D. Pa.), Plaintiff is not correct that he is only currently paying for *Thomas R. Galloway, Jr. v. Westmoreland County Court*, No. 2:11-cv-691 (W.D. Pa.). He is also, in fact, currently paying for *Thomas R. Galloway v. Westmoreland County*, No. 2:11-cv-18 (W.D. Pa., ECF Nos. 7, 9, 13, 14, and 15).

The second Objection that is responsive to the Report is Plaintiff's claim that he is under imminent danger of serious physical injury at the Westmoreland County Prison, based on two premises: first, he claims that he is in fear of his life from fellow inmates who are dangerous and, second, he is in danger from Westmoreland County but for unspecified reasons. (Docket No. 12 at 1, ¶ 3). The only problem with this is that Plaintiff's Complaint does not seek to sue about such matters but instead, as explained by the Report, his Complaint concerns "claims against the

officer who investigated Plaintiff's shooting of another in 2010, and also alleges that prosecutors and defense attorneys in Plaintiff's criminal proceedings, leading to his conviction, engaged in unconstitutional behavior. The Amended Complaint fails to allege any danger of physical injury, yet alone, that the danger of physical injury is imminent." (Docket No. 11, at 5). Accordingly, none of the objections merits rejection of the Report.

In light of the foregoing, we order the following.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed IFP is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff pay the entire filing fee by September 30, 2013. Failure to pay the entire filing fee by September 30, 2013 will result in the Court, without further warning, entering an order dismissing the case with prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** the Report and Recommendation, ECF No. 11, filed on September 5, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the court.

s/Nora Barry Fischer
Nora Barry Fischer
U.S. District Judge

Dated: September 17, 2013

cc: The Honorable Maureen P. Kelly, United States Magistrate Judge

Thomas R. Galloway, Jr.
JY-8603
Westmoreland County Prison
3000 South Grande Boulevard
Greensburg, PA 15601